IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-375-FL

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and DENISE PAYNE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) | |
| WAFFLE HOUSE, INC., | ) ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE # 23). Plaintiffs responded in opposition, and defendant timely replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiffs filed amended complaint on October 3, 2010, alleging violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. Defendant answered the amended complaint on December 8, 2010, denying liability and asserting a number of affirmative defenses. Discovery proceeded pursuant to the court's scheduling order.

On May 9, 2011, defendant moved to dismiss the complaint, arguing that plaintiffs lacked standing. Plaintiffs timely responded in opposition on June 3, 2011. They contend that they have sufficiently demonstrated standing. On June 15, 2011, defendant filed reply.

## STATEMENT OF THE FACTS

The undisputed facts, for purposes of defendant's Rule 12(b)(1) motion, are as follows. Plaintiff Denise Payne ("Payne") is a Florida resident. She has cerebral palsy, which renders her paralyzed from the waist down and unable to effectively use her arms and hands to grasp objects. Plaintiff National Alliance for Accessibility, Inc. ("National Alliance") is a Florida non-profit corporation which works to ensure that places of public accommodation are accessible to its disabled members. Payne is a co-founder of National Alliance.

On June 10, 2010, Payne visited defendant's Waffle House restaurant located at 2624 Westinghouse Boulevard in Raleigh, North Carolina. She noted various violations of the ADA, including improperly designated handicapped parking spaces, inaccessible routes from the parking area to the restaurant, and interior spaces (such as restrooms and counters) that are not compliant with ADA requirements. Payne was unable to enjoy the restaurant because of these violations, but asserts that she would like to in the future if the barriers to access are removed.

Although plaintiff lives in Florida, she occasionally travels on business to North Carolina and will be in North Carolina for three days in October 2011. This travel is related to her organization, the National Alliance. In addition to this action, Payne has filed at least thirty-two (32) other ADA lawsuits in North Carolina. In total, plaintiff has filed one hundred and seventy-one (171) ADA lawsuits since 2008.

## DISCUSSION

A.  Standard of Review

A challenge to standing is properly considered as a challenge to subject matter jurisdiction under Rule 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005).

Subject-matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). The plaintiff has the burden of establishing jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Under Rule 12(b)(1), the court regards the allegations in the complaint as "mere evidence on the issue," and may consider evidence outside the pleadings. Id. "[T]he non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The motion will be granted if "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

B.  Analysis

"Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must make three showings. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, she must show an "injury in fact," meaning "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (internal quotation marks and citations omitted). Second, she must show "a causal connection between the injury and the conduct complained of." Id. Finally, she must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted).

Where, as here, plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires more than simply an allegation of defendant's prior wrongful conduct." Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551-52 (E.D.N.C. 2010) (citing City of Los Angeles v. Lyons, 461

U.S. 95 (1983)). Instead, plaintiff must show a "substantial likelihood of future harm." Id. at 552. In other words, "to establish standing to pursue injunctive relief... under the ADA, [plaintiff] must demonstrate a *real* and *immediate* threat of repeated injury in the future." Chapman v. Pier I Imports Inc., 631 F.3d 939, 946 (9th Cir. 2011) (emphasis added); see also Shotz v. Cates, 256 F.3d 1077, 1081-82 (11th Cir. 2001).

A plaintiff's "profession of an intent to return to the places [she] had visited before" is not enough to establish standing to seek injunctive relief. Lujan, 504 U.S. at 564. "Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury" required by the Constitution. Id. Accordingly, in determining whether plaintiff has demonstrated a "real and immediate threat of future harm" as required to bring an ADA claim, this court looks to (1) the proximity of plaintiff's residence to the property in question, (2) plaintiff's past patronage of the public accommodation, and (3) the definitiveness of plaintiff's plan to return. See Harty, 747 F. Supp. 2d at 552. In addition to these three factors, other courts also have considered whether plaintiff frequently travels near the establishment. See Norkunas v. Park Road Shopping Ctr., Inc., --- F. Supp. 2d ----, 2011 WL 1438157, at *3 (W.D.N.C. 2011).

In this case, the objective facts before the court demonstrate that Payne lacks standing. Plaintiff's Florida residence, presumably located in Broward County, is more than seven hundred (700) miles away from defendant's restaurant. There is no allegation that Payne ever visited the property other than the single occasion in 2010 which forms the basis of this complaint. Payne has no definitive plan to return. Instead, she merely asserts that she will be in North Carolina again in 2011 and that she would like to return to the restaurant at some point in the future. In these respects,

4

this action is indistinguishable from that dismissed in Harty. See 747 F. Supp. 2d at 552. The additional fact that Payne appears to travel to North Carolina once or twice per year is not sufficient to compel a different result here.

Although the factors mentioned above are sufficient to conclude that Payne lacks standing, the court also finds Payne's litigation history to be relevant. It is implausible that Payne, a Florida resident who travels approximately once or twice a year to this state, plans to return to each of the thirty-two (32) properties in North Carolina she has sued for noncompliance with the ADA. See, e.g., Wilson v. Costco Wholesale Corp., 426 F. Supp. 2d 1115, 1123 (S.D. Cal. 2006); Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004). It appears that Payne files these lawsuits as an advocate for other disabled individuals, who lack the inclination or the ability to enforce compliance with the ADA. See, e.g., Am. Compl. ¶ 13. But regardless of the righteousness of her cause, she "cannot use her status as a 'tester' to satisfy the standing requirements where she would not have standing otherwise." Norkunas, 2011 WL 1438157 at *6.[1] The future injury must be specific to *Payne*, not to disabled individuals generally.

Having determined that Payne lacks standing to bring suit, the court concludes that the National Alliance is also not a proper plaintiff. An organization such as the National Alliance has standing in a case such as this if it can demonstrate that (1) at least one individual member of the

---

[1] The court's use of the term "tester" is borrowed from the Supreme Court's decision in Haven's Realty Corp. v. Coleman, 455 U.S. 363, 374 (1982), which involved "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices [under the Fair Housing Act]." In the ADA context, a "tester" is a disabled individual such as plaintiff who routinely visits places of public accommodation to check compliance with the ADA, and then seeks to act as a "private attorney general" under the act. See Kelly Johnson, Note: Testers Standing Up for Title III of the ADA, 59 Case W. Res. L. Rev. 683, 692-95 (2009). Although the Supreme Court allowed tester standing in Haven's Realty, "[t]he vast majority of courts that have dealt with the issue have denied [tester] standing to [ADA] plaintiffs." Id. at 697. This court agrees with the weight of the authority that tester standing is not available under Title III of the ADA. See also Harty v. Tathata Inc., 2011 WL 1261313, at *4 (E.D.N.C. Mar. 31, 2011).

organization has standing to sue in its own right; (2) the interests the organization seeks to protect are germane to its purposes; and (3) neither the claim asserted nor the relief requested requires participation of individual members. Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 186 (4th Cir. 2007). Here, the only member of the National Alliance identified by the pleadings is Payne. Because Payne does not have standing to sue in her own right, the National Alliance cannot meet the first prong of the associational standing test.

In sum, because Payne has not demonstrated a real and immediate threat of repeated injury in the future that is personal to her, plaintiffs lack Article III standing to bring this lawsuit.[2] Accordingly, defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (DE # 23) is GRANTED. All other pending motions are DENIED AS MOOT. The Clerk is directed to close this case.

SO ORDERED, this the 29t day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] The court notes that this is not the first case in this district in which plaintiffs have been found to lack standing to assert claims for injunctive relief under the ADA. See, e.g., Access for the Disabled, Inc. v. Karan Krishna, LLC, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011).

6