IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-375-FL

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and DENISE PAYNE, | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| WAFFLE HOUSE, INC., | ) ) | |
| Defendant. | ) | |

This matter comes before the court upon plaintiffs' motion for reconsideration (DE # 46), which is now ripe. Because this motion was filed six days after the court entered judgment, it is treated as one arising under Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011) (noting that "[t]he Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration'" and holding that such a motion is construed as arising under Rule 59(e) if filed within ten days of judgment). Rule 59(e) allows the district court, in its discretion, to alter or amend its judgment if it determines "that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010).

None of these grounds are asserted by plaintiffs. Instead, plaintiffs' motion is premised on their disagreement with the court's analysis of the record before it and its application of a standing test adopted by other courts in this Circuit. These efforts to present for a second time their

arguments opposing defendant's motion to dismiss, and to raise additional arguments which could have been previously presented but were not, are improper. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement [with the court's analysis] does not support a Rule 59(e) motion."). Plaintiffs' reliance on a new affidavit, which contains facts known to them prior to entry of judgment, also does not justified Rule 59(e) relief. See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 198 (4th Cir. 2006).

Accordingly, where there has been no intervening change in controlling law, no new and previously unavailable evidence presented, and no showing of clear error or manifest injustice, plaintiffs' motion for "reconsideration" under Rule 59(e) (DE # 46) is DENIED. Defendant's motion to strike plaintiffs' affidavit (DE # 52) is DENIED AS MOOT. Plaintiffs' motion to stay proceedings (DE # 54) also is DENIED AS MOOT where plaintiff's Rule 59(e) motion is without merit and where judgment has already entered such that further proceedings before this court are no longer appropriate.

SO ORDERED, this the 22nd day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge